UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TD BANK, N.A., f/k/a Banknorth, N.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN E. MONAGHAN, JR. and )<br>FAIMAFILI MONAGHAN, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>BANK OF AMERICA, N.A., f/k/a FLEET )<br>BANK; STEPHEN E. MONAGHAN, JR., A )<br>MAINE UCC1 SECURE PARTY CREDITOR )<br>AND TRUSTEE OF THE STEPHEN )<br>MONAGHAN, JR. TRUST, AN )<br>IRREVOCABLE TRUST ORGANIZATION, )<br>2 BROWN DOGS LLC, STEPHEN )<br>MONAGHAN AS SUCCESSOR TRUSTEE )<br>TO AFFORDABLE HOME SOLUTIONS, )<br>LLC AS TRUSTEE OF THE 14 EASTFIELD )<br>ROAD RESIDENTIAL LAND TRUST, and )<br>VON SCOTT, )<br>)<br>Parties-in-Interest. ) | No. 2:24-cv-00245-JAW |

**ORDER ON MOTION TO REMAND AND MOTIONS TO STRIKE AND FOR ORDER**

The court grants a motion from a mortgagee to remand a foreclosure complaint based on state law to state court, because there is no federal question jurisdiction under 28 U.S.C. § 1331.

I.     BACKGROUND

On March 8, 2024, TD Bank, N.A., f/k/a Fleet Bank ("TD Bank") filed a foreclosure complaint in the Cumberland County Superior Court against Stephen E. Monaghan, Jr., Faimafili Monaghan, and 2 Brown Dogs LLC, a party in interest, seeking to foreclose a mortgage secured by real property at 14 Eastfield Road, Cape Elizabeth, Maine. *See State Ct. R.*, Attach. 1, *Docket R.*, Attach. 4, *Compl.* (ECF No. 8). TD Bank later amended its foreclosure complaint to include several parties in interest, including Von Scott. *See State Ct. R.*, Attach. 8, *Docket R.*, Attach. 4, *First Am. Compl. for Foreclosure by Civil Action* (ECF No. 8) (*First Am. Compl.*). On July 9, 2024, Von Scott filed a notice of removal of the foreclosure action to this Court. *Notice of Removal* (ECF No. 1). On July 22, 2024, TD Bank filed a motion to remand the case to state court. *Mot. and Incorporated Mem. of Law in Support of Pl.'s Mot. to Remand Case to State Ct.* (ECF No. 7) (*TD Bank Mot.*). On August 12, 2024, Mr. Scott filed an opposition to TD Bank's motion to remand. *Opp'n to Pl.'s Mot. to Remand Doc. 7* (ECF No. 13) (*Scott Opp'n*).

II.     THE PARTIES' POSITIONS

    A.     TD Bank's Motion

In TD Bank's motion, it states that it initiated a "simple foreclosure" case against Stephen E. Monaghan, Jr. and Faimafili Monaghan in state court and that Mr. Scott later filed a notice of removal to this Court. *TD Bank's Mot.* at 1-2. TD Bank states that Mr. Scott's notice of removal claims that federal jurisdiction exists because the case presents a federal question. *Id.* at 2. TD Bank asserts that Mr. Scott "seems to indicate that this Court has federal question jurisdiction, seemingly

2

claiming that the foreclosure case is infused with defenses that arise under federal law or, maybe, that he has certain counterclaims that arise under federal law." *Id.* Citing caselaw, TD Bank argues that federal question jurisdiction cannot be based on federal defenses or counterclaims but instead must appear "on the face of the plaintiff's properly pleaded complaint." *Id.* at 2-3.  As there is no basis for federal question jurisdiction, TD Bank urges this Court to remand the case to state court. *Id.* at 3.

### B.   Von Scott's Opposition

In his opposition, Mr. Scott writes:

> The action presents substantial federal questions that necessitate federal jurisdiction; TD Bank's Complaint fails to satisfy the well-pleaded complaint rule, as it omits critical federal allegations necessary to establish a legitimate loan and subsequent foreclosure; These omissions pertain to federal securities laws, tax implications, and compliance with federal accounting standards[.]

*Scott Opp'n* at 2.  Mr. Scott explains:

> The Plaintiff's Complaint conceals the true nature of the transaction, which, in substance, is an investment contract rather than a traditional loan; This raises significant federal questions, particularly under the UCC, SEC regulations, and federal tax law; The purported Defendants, as initial funds transferors, are the true creditors, and TD Bank must demonstrate strict compliance with GAAP[1] and Title 12 U.S.C. § 1831n(a) to substantiate any valid claim[.]

*Id.*  Mr. Scott then describes why, in his view, federal jurisdiction is necessary to properly litigate this case, including the need for federal judicial intervention to compel disclosure of information he has sought. *Id.* at 2-11.

---

[1]   The Court assumes that by reference to "GAAP" Mr. Scott is referring to Generally Accepted Accounting Principles.

3

## III. DISCUSSION

Section 1331 of title 28 of the United States Code provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

"'Arising under' has been narrowly interpreted: when a plaintiff has a claim created by state law and a defendant has a federal defense, the Supreme Court has made clear that the lawsuit does not 'arise under' federal law and that there is no general federal question jurisdiction." *Penobscot Nation v. Georgia-Pacific Corp.*, 106 F. Supp. 2d 81, 82 (D. Me. 2000) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-12 (1983)). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Id.* (citing *Franchise Tax Board*, 463 U.S. at 9-12). As Justice Cardozo explained in *Gulley v. First National Bank*, 299 U.S. 109 (1936), "[t]o bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 112 (citing *Starin v. New York*, 115 U.S. 248, 257 (1885); *First National Bank v. Williams*, 252 U.S. 504, 512 (1920)).

Moreover, "pursuant to the well-pleaded complaint rule, the plaintiff is the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (S.C.D. 2006); *see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings

4

a suit is master to decide what law he will rely upon") (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918) ("The plaintiff may by the allegations of his complaint determine the status with respect to removability of a case").

Applying the well-pleaded complaint rule to the case at hand, the Court concludes that Mr. Scott has not presented a federal question essential for this Court's jurisdiction under 28 U.S.C. § 1331. TD Bank brought its foreclosure complaint pursuant to Maine statute, 14 M.R.S. § 6321 *et seq.*; neither version of the complaint mentions federal law. *See Compl.; Am. Compl.* Maine statutory law sets forth in detail the requirements of a foreclosure complaint and the elements a mortgagee must establish to successfully foreclose. *See* 14 M.R.S. §§ 6321, 6322. The complaint and amended complaint establish that TD Bank is proceeding only under state law, and federal law is not "an element," much less "an essential one, of the plaintiff's cause of action." *Gulley*, 299 U.S. at 112. Indeed, in *Burbage*, 417 F. Supp. 2d at 749, a United States District Court in South Carolina addressed whether a foreclosure action brought under state law should be remanded to state court. The court there concluded, as this Court does, that when the plaintiff is proceeding under state law, the suggestion of a potential federal defense does not justify removal. This conclusion is reinforced by the Court's conclusion that the federal questions Mr. Scott proposes to present amount to federal defenses to TD Bank's state foreclosure, and do not themselves provide a basis for federal jurisdiction.

5

## IV. CONCLUSION

The Court GRANTS TD Bank, N.A.. f/k/a Banknorth's Motion to Remand to State Court (ECF No. 7) and DISMISSES as moot Party-in-Interest Von Scott's Motion to Strike Electronic Communication (ECF No. 14).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2024